FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 18, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOANNA ARREDONDO,<br><br>Defendant. | No. 1:24-CR-02027-SAB-23<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF No. 840** |

On Wednesday, December 18, 2024, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 840). Defendant was represented by court-appointed attorney Troy Lee. Assistant United States Attorney Benjamin Seal represented the United States.

On May 29, 2024, the Court ordered that Defendant was prohibited from having contact with any codefendants in her case, including her husband, Fabian Arredondo, absent further order of the Court. ECF No. 437. Now, Defendant requests that the Court allow her to send photos of herself and her three children to Mr. Arredondo, who is not the biological father of the children. ECF No. 840. The biological father of the children objects to Defendant sending photos of his children to Mr. Arredondo due to concerns for his children's safety and the fact that Mr. Arredondo is not in the community as a father figure for the children.

ORDER - 1

ECF No. 846.  The United States Attorney's Office and the United States Probation/Pretrial Services Office both object to Defendant's request.  *Id.*

In this Court's prior order prohibiting contact between codefendants, this Court noted that while there is "a constitutionally protected marital relationship in the prison context," *Turner v. Safley*, 482 U.S. 78, 96 (1987), a court may curtail an individual's fundamental right of association in the pretrial context.  *See* 18 U.S.C. § 3142(c)(B)(iv) (a court may issue pretrial release conditions that include "abid[ing] by specified restrictions on personal associations, place of abode, or travel"); *NAACP v. Alabama*, 357 U.S. 449, 460 (1958) ("It is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech.").  Furthermore, this Court noted that a magistrate judge has a statutory mandate to mitigate possible obstruction of an ongoing criminal case.  *See* 18 U.S.C. § 3142(f)(2)(B) (stating that a judicial officer shall hold a detention hearing in cases that involve a serious risk that a defendant will "attempt to obstruct justice").  Thus, this Court found that it must curtail Defendant's right to communicate with her codefendant husband in order to prevent obstruction of justice.  ECF No. 437.

ORDER - 2

Now, the Court again weighs Defendant's right to communicate with her codefendant husband, Mr. Arredondo, against the need to prevent obstruction of justice.

First, Defendant requests to send photos of her three children to Mr. Arredondo. Notably, Mr. Arredondo is not the father of the children, and the children's biological father objects to Defendant sending the photos to Mr. Arredondo due to safety concerns and the fact that Mr. Arredondo is not a father figure to the children. ECF No. 846. Additionally, there is no indication that Mr. Arredondo has any parental rights to the children or will have any such rights in the future. Therefore, the Court will not allow Defendant to create links between the children and Mr. Arredondo when Defendant is not otherwise allowed to communicate with Mr. Arredondo.

Second, Defendant requests to send photos of herself to Mr. Arredondo. While there may be instances in which the Court will allow limited contact for specific purposes between codefendant spouses, this is not one of them. The right to send photos has the potential to be abused in this case. The United States has alleged that the defendants in this case took part in a conspiracy that included circumventing telecommunications monitoring in order to facilitate the introduction of controlled substances into correctional facilities. ECF No. 380. Thus, there is a risk in this case that photos could be misused to send coded

ORDER - 3

messages. It is also not a good use of this Court's time to attempt to mediate disputes between the parties as to whether any such photographs are appropriate in both a legal or non-legal context.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 840**) is **DENIED**.

**IT IS SO ORDERED.**

DATED December 18, 2024.

_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE