Case 1:24-cr-02027-SAB    ECF No. 896    filed 02/24/25    PageID.3186    Page 1 of 7

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOANNA ARREDONDO,<br><br>Defendant. | No. 1:24-CR-02027-SAB-23<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION TO MODIFY CONDITIONS OF RELEASE AND STRIKING MOTION HEARING<br><br>**ECF No. 894** |

Before the Court is Defendant's Second Motion to Modify Conditions of Release (ECF No. 894).[1] Defendant was represented by court-appointed attorney Troy Lee on the motion. Defendant is subject to a protective order prohibiting her from having contact with any codefendants in her case, including her husband, Fabian Arredondo, absent further order of the Court. ECF Nos. 362, 437. Now, Defendant requests that the Court modify the protective order (ECF Nos. 362, 437) and allow Defendant to facilitate contact between her children and her codefendant husband, who is not the biological father of the children. ECF No. 894. The

---

[1] Defendant requested a hearing on the Motion, but a hearing is unnecessary given the Court's prior Order on Defendant's marital communications in the pretrial context. ECF No. 861.

ORDER - 1

United States Attorney's Office and the United States Probation/Pretrial Services Office both object to Defendant's request. *Id.*

The motion before the Court is not Defendant's first request for the Court to modify its protective order. Defendant previously filed a similar motion, requesting that the Court allow her to send photos of herself and her three children to her codefendant husband. ECF No. 840. And as this Court explained in both its initial protective order (ECF Nos. 362, 437) and its order denying Defendant's first motion (ECF No. 861), a court may curtail an individual's fundamental right of association in the pretrial context. *See* 18 U.S.C. § 3142(c)(B)(iv) (a court may issue pretrial release conditions that include "abid[ing] by specified restrictions on personal associations, place of abode, or travel"); *NAACP v. Alabama*, 357 U.S. 449, 460 (1958) ("It is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech."). Furthermore, a magistrate judge is obligated to mitigate possible obstruction of an ongoing criminal case. *See* 18 U.S.C. § 3142(f)(2)(B) (stating that a judicial officer shall hold a detention hearing in cases that involve a serious risk that a defendant will "attempt to obstruct justice"). Thus, the Court has twice now weighed Defendant's liberty interest in marital contact with the Court's need to prevent obstruction of justice and future criminal activity.

ORDER - 2

In Defendant's First Motion to Modify Conditions of Release (ECF No. 840), Defendant asked the Court to allow Defendant to send photos of herself and her three children to her codefendant husband, and the Court denied the Motion. ECF No. 861. In weighing Defendant's right to send photos of her children to her codefendant husband against the risk of obstruction of justice, the Court considered that (1) Defendant's codefendant husband is not the father of Defendant's children; (2) the children's biological father objected to Defendant sending the photos due to safety concerns and the fact that Defendant's codefendant husband is not a father figure to the children; and (3) there is no indication that Defendant's codefendant husband has any parental rights to the children or will have any such rights in the future. *Id*. The Court declined to allow Defendant to create links between her children and her codefendant husband when Defendant is not otherwise allowed to communicate with her codefendant husband. *Id*. In other words, Defendant's right to the requested marital contact, considering her codefendant husband's lack of parental rights to the children, was outweighed by the risk of obstruction of justice. The risk was that allowing Defendant to send photos to her codefendant husband had the potential to be abused, which was supported by the United States' allegations that "the defendants in this case took part in a conspiracy that included circumventing telecommunications monitoring in order to facilitate the introduction of controlled substances in correctional facilities." *Id*.

ORDER - 3

1     Defendant now requests that the Court allow her to facilitate visits between

2 her children and her codefendant husband by adding her name to her codefendant

3 husband's visit account and setting up the visits but not attending them herself.

4 ECF No. 894.  Defendant asserts that although she will be setting up the visits, she

5 will not have any contact with her codefendant husband.  *Id.*  Additionally,

6 Defendant argues that the children's biological father's objection to the children

7 having contact with Defendant's codefendant husband should not be considered by

8 the court because "the morality of whether visits should be allowed is ultimately

9 not a question for the court."  *Id.*

10     Defendant points to no portion of this Court's prior orders in support of her

11 assertion that this Court has, in denying her prior requests, engaged in a moral

12 judgment.  While the motion could simply be dismissed for a failure to support her

13 underlying assertion of error, her complaint raises the issue of who, if anyone,

14 should consider the best interests of her children?  The answer is simple.  It is

15 reasonable to assume Defendant already knows the answer from personal

16 experience.  The proper venue is the Superior Court of the State of Washington for

17 Yakima County, on its domestic docket.[2]

---

[2] *Arredondo v. Hernandez*, No. 24-3-00632-39 (Wash. Sup. Ct. Feb. 25, 2025) (Parenting Plan/Child Support).

ORDER - 4

To be clear, Defendant is requesting that the Court allow her to add *her name* to her codefendant husband's visit account to enable *her* to set up visits. While Defendant asserts that the reason for adding her name to the visit account is so that her children can visit her codefendant husband, Defendant is asking the Court for permission to add *her name* to the visit list. Indeed, if Defendant did not need to add her name to the visit list for her children to visit her codefendant husband, then Defendant would not have needed to file the instant motion because the Court's protective order would not prohibit the requested contact.[3]

While Defendant does have a protected marital relationship, *see Turner v. Safley*, 482 U.S. 78, 98 (1987), the Court has previously weighed this right against the risk of obstruction of justice and further criminal activity in this case twice now. And like the Court ordered twice before, allowing Defendant to facilitate the requested contact with her codefendant husband creates a risk of obstruction of justice and further criminal activity that outweighs Defendant's liberty interest in marital contact in the pretrial context. ECF Nos. 437, 861.

---

[3] The undersigned, as a prior Superior Court Judge, is nonetheless acutely aware that Defendant, whose odds of convincing the Superior Court to allow her children contact with her convicted-felon new husband who is serving a life-sentence over the objection of their biological father are at or near zero, could also be using this motion as an end run around state family court.

ORDER - 5

Contrary to Defendant's assertion, the Court is not making a morality judgment regarding whether Defendant's children should be allowed to have contact with Defendant's codefendant husband. Instead, the Court is making a judgment in accordance with its obligation to mitigate obstruction of an ongoing criminal case. *See* 18 U.S.C. § 3142(f)(2)(B) (stating that a judicial officer shall hold a detention hearing in cases that involve a serious risk that a defendant will "attempt to obstruct justice"); § 3142(c)(B)(iv) (a court may issue pretrial release conditions that include "abid[ing] by specified restrictions on personal associations"). Whether Defendant's children should be allowed to communicate or visit with Defendant's codefendant husband despite their biological father's objection to such contact is an issue for family court that this Court has not and will not address. *Cf.* Wash. Rev. Code § 26.09.184(1)(a)-(f) (2024) (Permanent Parenting Plan) ("The objectives of the permanent parenting plan are to: . . . (b) Maintain the child's emotional stability; . . . (g) To otherwise protect the best interests of the child consistent with RCW 26.09.002."). But Defendant is not merely asking this Court to allow her children to have contact with her codefendant husband, who has no parental rights with respect to the children and on this record no basis to seek visitation.[4] Instead, Defendant is actually asking this Court to

---

[4] *Cf.* Wash. Rev. Code § 26.11.020 (2024) (Nonparental Child Visitation – Petition For Visitation – Criteria) ("(1) A person who is not the parent of the child may petition for

ORDER - 6

allow *her* to add *her name* to her codefendant husband's visit list, and this Court will not allow Defendant to create a third-party conduit to her codefendant when Defendant herself is the one necessarily initiating the contact, and such contact creates a risk that Defendant could abuse the visitation process.

Accordingly, **IT IS ORDERED:**

1. Defendant's Second Motion to Modify Conditions of Release (**ECF No. 894**) is **DENIED**.

2. The **Motion Hearing** set for **February 26, 2025, at 1:30 P.M.** is **STRICKEN**.

**IT IS SO ORDERED.**

DATED February 24, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

---

visitation with the child if: (a) The petitioner has an ongoing and substantial relationship with the child; (b) The petitioner is a relative of the child or a parent of the child; and (c) the child is likely to suffer harm or a substantial risk of harm if visitation is denied.").

ORDER - 7